# East Union Township, Plff. in Err., v. Andrew Comrey, to the Use of Patrick Ryan.

The entirety or separableness of a contract depends, not upon the singleness of its subject or the multiplicity of the items composing it, but upon the entireness of the consideration or its express or implied apportionment to the several items constituting its subject.

If the consideration of a contract is single, the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned expressly or impliedly to each of these items, the contract is severable.

Where a statute and contract thereunder for the construction of a state road require that commissioners shall from time to time examine the road as the work progresses and draw warrants in payment therefor in proportion to the work done, it is not necessary, in an action on a warrant issued before the completion of the road as a partial payment and for work already done, for the plaintiff to aver or prove that the road was completed according to the contract.

(Argued April 21, 1887. Decided May 2, 1887.)

January Term, 1887, No. 384, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Schuylkill County to review a judgment on a verdict for the plaintiff in an action of assumpsit. Affirmed.

The facts appear from the following portions of the charge by PERSHING, P. J.:

By an act of assembly passed April 7, 1873, William H. Bar-

NOTE.—The analogous cases referred to in the opinion of the supreme court and which arose under similar circumstances, are found in East Union Twp. v. Comrey, 100 Pa. 362, and Mahanoy Twp. v. Comry, 103 Pa. 362.

A contract is severable where the consideration for the separate items comtemplated by it is distinct. Crawford v. McKinney, 165 Pa. 605, 30 Atl. 1045; Big Black Creek Improv. Co. v. Kemmerer, 162 Pa. 422, 29 Atl. 739; Fullmer v. Poust, 155 Pa. 275, 35 Am. St. Rep. 881, 26 Atl. 543. Ordinarily if the consideration is single, then the contract is to be considered as entire. Semple v. Cleveland & P. R. Co. 172 Pa. 369, 33 Atl. 564; Cleaver v. Garner, 133 Pa. 419, 19 Atl. 408. Unless the circumstances show that a full performance was not deemed requisite by the parties. Lehman v. Given, 177 Pa. 580, 35 Atl. 864; Gill v. Johnstown Lumber Co. 151 Pa. 534, 25 Atl. 120; Martin v. Fridenburg, 169 Pa. 447, 32 Atl. 429; Snyder v. Loy, 4 Pa. Super. Ct. 201, 40 W. N. C. 333.

low, John R. Porter, and Philip Huntzinger were appointed commissioners to view, lay out, and open a road, beginning at a point in Schuylkill county and extending to a point in Luzerne county.

Upon a day and place fixed, the commissioners were to open the proposals and award the contracts for making and opening the road, either in whole or any portion of it, to the lowest and best bidder.   Then the contractors were bound by the act, within five days after the awarding of the contract, to file with the commissioners a bond or bonds, with good and sufficient security, in a sum equal to the amount of his or their contract, for the faithful performance of the duties enjoined under the contract and specifications.   It is provided that in the event of the lowest bidder or bidders' failing to file his or their bond as provided, then the said commissioners shall allot said contract to the next highest bidder that will conform to the requirements of this section.

By § 4 the commissioners were authorized and empowered to draw warrants in favor of the contractor or contractors on the treasurers of the several townships through which the road should pass, for such sum as may be necessary to build or construct so much of said road as the relative length in such township may be to the entire length thereof.   The several townships through which said road should pass were to levy and collect a special tax, not exceeding two mills in any one year on the assessed valuation of such township, this tax to be levied and collected at the same time and in the same manner as the other county and township taxes are levied and collected.   The two-mill tax provided for in this section was to be applied only to the payments of the warrants before mentioned in the act for the construction of this road.

The 5th section of said act is as follows:

"The said commissioners are hereby authorized and required to examine said road as the work progresses, and draw warrants in payment thereof in proportion to the amount performed; and no warrant shall be drawn until the work shall be approved by said commissioners.   Should any contractor or contractors fail to do their work in a good and workmanlike manner, then and in that case the said commissioners are hereby authorized to relet such work at the expense of the original contractor or contractors."

The lowest bid for the construction of the road in East Union township, where the road involved in the present controversy is located, was by one William Fetherolf, for the sum of $200, who subsequently refused to give the bond required by the act; and the commissioners then proceeded to award the contract to the next highest bidder, Joseph Beddall, whose bid was $16,624.

The contract was awarded to him, and he was notified that he should file his bond as required by the act of assembly. He declined doing it, and the commissioners proceeded to let it to the next highest bidder in order, who was Andrew Comrey. He received the contract for the sum of $21,000. As required by the act of assembly, Comrey filed a bond with the commissioners by which he obligated himself to build and construct all the portion of this state road located in East Union township, including all bridges, culverts, railings, and watercourses, according to specifications which had been made out and submitted; and in consideration of that he was to receive the sum of $21,000 in warrants or orders drawn by the said commissioners on the township treasurer, by power conferred upon these commissioners by the act, from time to time as the work progressed, and *pro rata* to the whole amount of the contract, as may be approved by the said commissioners.

As a further obligation and part of the contract, it was agreed by the party of the second part, Comrey, that in the event of the failure by him or his assigns to complete said road or any part thereof to the satisfaction and approval of said commissioners, then in that case the said parties of the first part, the commissioners, are "hereby authorized and empowered to collect out of a bond of even date herewith the amount that it may take to complete said contract according to this agreement."

Comrey proceeded to give out the work to others, among them Patrick Ryan, the use plaintiff in this case.

The present case is based upon two warrants issued to Andrew Comrey and by him transferred to Patrick Ryan, who did the work for Comrey, No. 56, dated March 2, 1874, for $300, and order No. 71, dated June 1, 1874, for $500. These warrants were drawn on the treasurer of the township, and a prerequisite before any suit could be brought upon them was that a demand should be made for payment upon the treasurer of the township One point submitted to us on the part of the defense here is that

there was not sufficient demand or no demand made on the treasurer of the township. That is a question of fact for you.

The defense here is that the road was not constructed according to contract; that there was an unlawful combination between the commissioners and other parties, by which an illegal burden was imposed upon this township; that the contract was let to Comrey at a price far beyond that for which the work could be constructed.

Plaintiff's counsel asks us to charge you as follows:

1. "That by the act of assembly authorizing and directing the construction of this state road, the commissioners, W. H. Barlow, John R. Porter, and Philip Huntzinger, were thereby authorized and required to examine said road as the work on the construction of the same progressed, and to draw warrants in payment thereof in proportion to the amount of work performed; that the contract between Andrew Comrey and the commissioners dated November 29, 1873, also provides that payments of the contract price for constructing said state road in East Union township shall be made by the commissioners' drawing warrants or orders on the township treasurers from time to time as the work progressed, and *pro rata* to the whole amount of contract price as may be approved by the commissioners; as the evidence is not disputed or contradictory in this case that the orders in evidence were issued before the completion of the road, and as partial payments as the work progressed, and for work done before said warrants or orders were issued, it is not necessary for the plaintiff even to aver or prove that said road was completed according to said contract to entitle him to recover in this case."

*Ans.* We affirm that. (First assignment of error.)

2. "That if the jury find under the evidence in this case that the warrants or orders in evidence were issued as partial payments as the work progressed, the verdict should be for the plaintiff, even though said road was not finished, according to the contract between Comrey and the commissioners."

*Ans.* We affirm this. (Second assignment of error.)

3. "That, as the act of assembly directed the commissioners to draw their warrants or orders to the contractors as the work progressed, and as the contract of Comrey with the commissioners also provides that orders should be issued by the commissioners as the work progressed on said road in proportion to

the whole contract price, these orders in evidence having been issued before the completion of the road and according as the work had progressed, the plaintiff is entitled to a verdict."

*Ans.* We affirm that, if you find the fact that these orders were issued as the work progressed, for work actually done, issued in good faith, as Porter swears they were. (Third assignment of error.)

4. "As the contract between said commissioners and Comrey was that in the event of failure of said Comrey to complete said road or any part of it to the satisfaction and approval of said commissioners the said commissioners were authorized by said contract to collect out of said bond the amount that it may take to complete said contract, and as the act of assembly authorizing this state road required the said commissioners to relet the completion of said road, and deduct the expense from the contractor, and as the evidence is not contradicted that the commissioners have retained $2,200, a sum more than sufficient to complete the said road, according to the contract, the defense set up, of the failure to complete the contract, is not sufficient to defeat the plaintiff; and the verdict should be for the plaintiff."

*Ans.* We affirm that, leaving you to find the facts. (Fourth assignment of error.)

5. "That as the contract between the commissioners and Comrey provides the remedy in case of failure to complete the contract, that is the remedy provided between the parties to the contract, and as the act of assembly also provides how the amount of the cost to complete the contract shall be ascertained, there can be no defense to the payment of orders issued to the plaintiff and offered in evidence in this suit."

*Ans.* That states the proposition very broadly. We cannot answer it in the affirmative in the broad terms in which it is stated here. If these warrants were issued as the work progressed, the commissioners having testified that that was the fact, and that they first examined and approved of it, before they issued the warrants, and that all was done honestly and in good faith, then the plaintiff would have a right to recover upon warrants here, so far as anything set forth in the defense is concerned. (Fifth assignment of error.)

The defendant asks us to charge you:

11. "The plaintiff cannot recover in this action against the defendant, because the contract of Andrew Comrey with the com-

missioners offered in evidence is an entire one, and a recovery on the said contract was had, and judgment entered against the township on the 6th day of April, 1880, for $951.50 in favor of said Andrew Comrey to the use of James Ryan, to No. 565, ·Dec. T., 1874."

*Ans.* We answer this in the negative.    We do not think that this comes under the rule which admits of but one recovery on a contract.    If certain work is to be performed, and there is but a single consideration for it, there one suit is a bar to any subsequent suit, although the whole consideration may not be recovered.    The act of assembly itself authorizes the issuing of warrants upon the township treasurer as the work progresses. The contract entered into between the commissioners and Comrey follows out the directions in the act.    There is a reason for that, they claim, one which was referred to in some of the cases; that is, a party takes a contract to build a road, such as this was in East Union township, for $21,000; he must have supplies in order to carry out his contract, employ men and be subjected to expense, and he may need funds as he progresses with the work; hence, the reason that, as the work progressed and was accepted by the commissioners, who derive their power from the state, warrants should be issued on the treasurer for the payment of such portions of the work as were accepted by them.    This is a provision of the act of assembly and a part of the contract itself. This point has been relied upon with great confidence, as I understand, by the defense; and I have examined the authorities with some care, and might refer to a great many.

If a ship be built upon a special contract, and it is part of the contract that given portions of the price shall be paid according to the progress of the work, namely, part when the keel is laid, part when the light plank, and the remainder when the ship is launched, there arises a separate contract for each instalment, and an action will lie for each part.    Woods v. Russell, 5 Barn. & Ald. 942; Clarke v. Spence, 4 Ad. & El. 448; Cunningham v. Morrell, 10 Johns. 203, 6 Am. Dec. 332; Brightly's Digest, title, *Performance*, 3043; Morgan v. McKee, 77 Pa. 228; Lippincott v. Low, 68 Pa. 314; Lucesco Oil Co. v. Brewer, 66 Pa. 351.

In the last-mentioned case the supreme court says:

The entirety or separableness of a contract "depends, not upon the singleness of its subject or the multiplicity of the items com-

posing it, but upon the entireness of the consideration or its express or implied apportionment to the several items constituting its subject. If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned expressly or impliedly to each of these items, the contract is severable." We therefore negative this point. (Sixth assignment of error.)

You have heard the act of assembly. Did the commissioners comply with it in good faith, in letting this work to Comrey, and when they accepted this portion of the road for which these orders were issued, did they act in good faith? Was there a substantial compliance with the terms of the contract? If there was, then these warrants were properly issued, as the work progressed, to Comrey, who transferred them to the party who performed the work; and the township would be liable. You will take into consideration all the evidence bearing upon this portion of the case. The defense is that the work was not properly done in the first place, that the commissioners acted in bad faith, and fraudulently, when they took the work off the hands of the contractors. Just as you determine the questions, you will determine your verdict in favor of the plaintiff or in favor of the defendant. If you find in favor of the plaintiff for the amount of the orders, you may give interest from the beginning of the suit. A calculation will be submitted to you. If you are satisfied that this work was not done, that the commissioners acted in bad faith, did not properly discharge their duty, then you will be justified in finding in favor of the defendant.

*S. H. Kaercher* and *F. W. Bechtel* for plaintiff in error.

*James Ryon, James B. Reilly,* and *J. W. Ryon* for defendant in error.

PER CURIAM:

This case was well submitted to the jury in an accurate charge. The points were correctly answered. We discover no substantial difference between the facts now shown and those which existed in other cases arising on the same contract, which we have heretofore decided. It is, therefore, unnecessary to review the facts or repeat the authorities applicable to the case.

Judgment affirmed.